# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| SHAYNE A. WATSON,            )<br>)<br>    **Plaintiff,**            )<br>vs.                             )<br>                                )   Case No. _____<br>STATE OF KANSAS, DEPARTMENT FOR )<br>CHILDREN AND FAMILIES,          )<br>                                )<br>    **Defendant.**            ) | |

## COMPLAINT

COMES NOW, the Plaintiff, Shayne A. Watson, by and through his attorneys, Bruce Alan Brumley and Chloe Elizabeth Davis, and for his cause of action against the Defendant, State of Kansas, Department for Children and Families, and alleges and states the following:

1. The Plaintiff, Shayne A. Watson (hereinafter "Plaintiff"), is a resident of Shawnee County, Kansas;

2. The Defendant, the State of Kansas, Department for Children and Families (hereinafter "Defendant"), is a state agency doing business in Kansas within the boundaries of the State of Kansas. Defendant may be served with process pursuant to statutory requirements in Shawnee County, Kansas.

3. This action arises under the Family Medical Leave Act of 1993 (hereinafter "FMLA"), 29 USC §2601 *et seq.*

4. Jurisdiction is proper in this Court under 28 USC §1331 and 29 USC §2617(a)(2).

5. Venue is proper in this Court pursuant to 28 USC §1391(b) and (c) because the Defendant resides within this district and the acts and omissions giving rise to Plaintiff's claims occurred within this district.

6. At all times mentioned herein and material hereto, the Plaintiff was employed by the Defendants listed in paragraph 2, located in Shawnee County, Kansas, and was an "eligible employee" within the meaning of the FMLA.

7. At all times mentioned herein and material hereto, the Defendants listed in paragraph 2, located in Shawnee County, Kansas, was an "employer" within the meaning of the FMLA.

8. Defendant was both engaged in commerce or in an industry or activity affecting commerce and employed more than 50 employees but less than 500 employees at or within 75 miles of Plaintiff's work site for each working day during each of 20 or more calendar weeks in each calendar year relevant hereto.

9. At the time of the incident relevant hereto, Plaintiff was employed by Defendant at Defendant's principal location in Shawnee County, Kansas since December 2018.

10. Plaintiff's biological mother suffers from dementia and has suffered several strokes dating back to 2008.

11. In December 2019, Plaintiff submitted a request for FMLA leave to care for his mother as her condition was worsening.

12. Defendant initially granted Plaintiff's FMLA leave on an intermittent basis.

13. In September 2022, Plaintiff's mother's medical providers informed Plaintiff that she would need around the clock care for a period of time. As such, on September 7, 2022, Plaintiff requested that his intermittent FMLA leave be converted to continuous leave so that he could care for his ill mother.

14. On or about September 14, 2022, a representative of Defendant's human resources department told Plaintiff they had everything they needed to process Plaintiff's request.

15. On or about September 19, 2022, Plaintiff's employment was abruptly terminated by Defendant without explanation.

16. At all times relevant to the allegations herein, Defendant was aware of its legal obligations under FMLA.

17. As such, on or about September 20, 2022, the Plaintiff experienced wrongful and illegal retaliation by said Defendant; that Defendant's retaliatory treatment toward Plaintiff is due to the fact that Plaintiff pursued his rights and legal remedies afforded to him under FMLA and that Defendant's treatment toward Plaintiff was in retaliation and in violation for pursuing his rights and legal remedies afforded to him under FMLA.

18. Defendant violated Plaintiff's rights under the FMLA because Defendant terminated the Plaintiff's employment on or about September 19, 2022 because of Plaintiff's request for leave afforded to him under FMLA.

19. Defendant knowingly, intentionally, and willfully violated Plaintiff's rights.

20. That as a direct and proximate result of the Defendants' unlawful conduct, the Plaintiff has been caused to suffer damages in excess of $75,000.00.

21. Plaintiff is alleging damages including lost wages, lost employment benefits, emotional duress, pain and suffering, future lost wages, consequential damages, or any other compensation denied or lost, which may be found to relate to the Defendant's unlawful conduct.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against the Defendant for a sum in excess of $75,000.00, together with the costs of this action and such other and further relief as the Court deems just and proper, and specifically demands the following relief:

A.	Damages under 29 USC §2617(a)(1)(A)(i)(I) for any wages, salary, employment benefits, or other compensation denied or lost because of Defendant's wrongful conduct;

B.	Interest under 29 USC §2617(a)(1)(A)(ii);

C.	Liquidated damages under 29 USC §2617(a)(1)(A)(iii);

D.	Such equitable relief under 29 USC §2617(a)(1)(B) as may be appropriate;

E.	Reasonable attorney's fees, expert witness fees, and any other costs of the action be paid by Defendant under 29 USC §2617(a)(3).

Respectfully submitted,

/s/Bruce Alan Brumley
/s/Chloe Elizabeth Davis
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
2348 Topeka Boulevard #201
Topeka, KS 66611
bruce@brucebrumleylaw.com
chloe@brucebrumleylaw.com
P: 785-267-3367 / F: 785-233-3161
Attorneys for Plaintiff

## **DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, Shayne A. Watson, and demands a trial by jury on all of the issues in the above-captioned case.

Respectfully submitted,

*/s/Bruce Alan Brumley*
*/s/Chloe Elizabeth Davis*
Bruce Alan Brumley, #16066
Chloe Elizabeth Davis, #28517
2348 Topeka Boulevard #201
Topeka, KS 66611
bruce@brucebrumleylaw.com
chloe@brucebrumleylaw.com
P: 785-267-3367 / F: 785-233-3161
Attorneys for Plaintiff